UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHASE CATERING AND
CONCESSIONS, LLC.                          CIVIL ACTION

VERSUS                                     NO. 25-2359

DELAWARE NORTH COMPANIES                   SECTION: "J"(3)
TRAVEL HOSPITALITY SERVICES,
INC.

## ORDER AND REASONS

Before the Court is a *Motion for Leave to File Exhibit Under Seal* **(Rec. Doc. 14)** filed by Defendant Areas Travel Hospitality Services, LLC, f/k/a Delaware North Companies Travel Hospitality Services, Inc., with an incorporated memorandum in support of the motion. After considering the motion, the memorandum, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

## FACTS AND PROCEDURAL HISTORY

This dispute arises out of an alleged breach of contract between the parties. (Rec. Doc. 15-1, at 3). On October 3, 2016, the parties entered into a Joint Venture Agreement to operate concessions at the Louis Armstrong New Orleans International Airport. (Rec. Doc. 15-1, at 2).

Defendant's motion relates to their Memorandum in Support of their Motion to Dismiss, or, Alternatively, Motion for a More Definite Statement. (Rec. Doc. 15-1). Defendant asks this Court for leave to file the entire Joint Venture Agreement under seal. (Rec. Doc. 14-1, at 3). Defendant filed a proposed order which does not provide any explanation for why the document should be sealed. (Rec. Doc. 14-2).

1

## LEGAL STANDARD

The Fifth Circuit has expressed that the public has a meaningful interest in every document filed in the judicial records. *See e.g., June Med. Serv., L.L.C. v. Phillips*, 22 F.4th 512, 519-20 (5th Cir. 2022). "'Judicial records belong to the American people; they are public, not private, documents,' and '[t]he public's right of access to judicial records is a fundamental element of the rule of law.'" *Id.* (citations omitted). Accordingly, courts should be "ungenerous with their discretion to seal judicial records" because "legal arguments, and the documents underlying them, belong in the public domain." *Binh Hoa Le v. Exeter Fin. Corp.,* 990 F.3d 410, 418-21 (5th Cir. 2021); *see also N. Cypress Med. Ctr. Operating Co., Ltd. v. Cigna Healthcare*, 781 F.3d 182, 203-04 (5th Cir. 2015) (finding that "[t]he district court's discretion to seal records 'is to be exercised charily'" (citing *Macias v. Aaron Rents, Inc.*, 288 Fed. Appx. 913, 915 (5th Cir. 2008))).

Therefore, the working presumption is that judicial records should not be sealed, and courts must undertake a "case-by-case, document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring disclosure." Accordingly, the party seeking to overcome the presumption of public access bears the burden to show that its privacy interests outweigh the presumption, and the court should construe any doubt in favor of disclosure. *See Weiss v. Allstate Ins. Co.*, No. 06-3774, 2007 WL 2377119, at *4 (E.D. La. Aug. 16, 2007) (Vance, J.) (citing *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157,

165 (3d Cir. 1993); *Marcus v. St. Tammany Par. Sch. Bd.*, No. 95-3140, 1997 WL 313418, at *5 (E.D. La. June 9, 1997)).

However, courts have recognized that while there is a presumption of public access to judicial records, this access is not absolute. *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (citing *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597, 98 S.Ct. 1306, 1312 (1978)). According to the Fifth Circuit, a court may seal documents when they contain confidential business information. *See N. Cypress*, 781 F.3d at 203-04. Even so, the Fifth Circuit has held that a decision to seal is not properly predicated on a movant's mere allegations that documents contain confidential material. *Id.* Instead, in order for a document to be sealed, the movant must not only point to specific confidential information contained in the document, but must also show the specific harm that would be suffered if the public were granted access to this document. *Id.; see also Weiss*, 2007 WL 2377119, at *4 ("Absent elucidation from Allstate as to the specific information in these exhibits that should remain confidential, the Court refuses to seal them in their entirety based on a general request to do so."); *Lilheberg v. Enter. Inter., LLC v. Vista Hosp. of Baton Rouge, Inc.,* No. 04-2780, 2005 WL 1309158, at *2 (E.D. La. May 19, 2005) (denying the defendants' motion to seal a deposition because defendants give no specifics as to what harm would come to them if this information is not sealed."). Therefore, even when a document allegedly contains confidential information, the sealing of a document is not warranted when the party requesting that the document be sealed

3

"does not identify any particular confidential information in the [document] that may cause it harm." *N. Cypress*, 781 F.3d at 204.

Further, this Court's Local Rule 5.6 governs the "Procedure for Filing Documents Under Seal." LR 5.6(D) explains

> Any motion for filing materials under seal (including pleadings, motions, briefs, or attachments thereto) must be accompanied by a non confidential supporting memorandum, and a proposed order. The proposed order must recite the findings required by governing case law to support the proposed sealing.

## **DISCUSSION**

The Court finds that Defendant's motion should be denied for the following reasons. First, although the Fifth Circuit recognizes that a document may be sealed if it contains confidential business information, Defendant has failed to identify the specific information in the document that is confidential. Instead, Defendant requests that the entire document be filed under seal. Further, Defendant has failed to explain what harm would result if the information were not sealed. Therefore, Defendant has failed to satisfy its burden of showing that its privacy interests outweigh the presumption of public access.

Second, even if Defendant satisfied its burden, the motion would still be denied because Defendant failed to comply with the requirements of Local Rule 5.6. Specifically, Defendant failed to provide a proposed order that recites the findings required by governing case law to support sealing.

**CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's *Motion to Seal* **(Rec. Doc. 14)**

is **DENIED.**

New Orleans, Louisiana, this 4th day of August, 2026

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE