UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHASE CATERING AND
CONCESSIONS, LLC.                                    CIVIL ACTION

VERSUS                                               NO. 25-2359

DELAWARE NORTH COMPANIES                             SECTION: "J"(3)
TRAVEL HOSPITALITY SERVICES,
INC.

## ORDER AND REASONS

Before the Court is a *Motion to Dismiss or Alternatively, Motion for More Definite Statement* **(Rec. Doc. 15)** filed by Defendant Areas Travel Hospitality Services, LLC, f/k/a Delaware North Companies Travel Hospitality Services, Inc. ("Areas THS") Plaintiff Chase Catering and Concessions, LLC ("Chase") opposes the motion. (Rec. Doc. 16). Areas THS has filed its reply. (Rec. Doc. 17). After considering the motion, the memorandum, the record, and the applicable law, the Court finds that the motion should be **GRANTED in part** and **DENIED in part**.

## FACTS AND PROCEDURAL HISTORY

This dispute arises out of an alleged breach of contract. Plaintiff Chase and Defendant Areas THS are both in the airport concessions business. In 2016, Chase went into business with Delaware North Companies Travel Hospitality Services Inc., a subsidiary of Delaware North Companies Inc. The two entities formed Chase North, LLC ("the Venture") to jointly operate concessions at the Louis Armstrong New Orleans International Airport. The pair also entered into a Joint Venture Agreement ("the Agreement"), which governs their relationship as members.

1

In July 2025, Delaware North Companies Inc. sold its travel and hospitality services business to Areas USA, Inc. Delaware North's former travel and hospitality services business was then renamed post-sale to Areas Travel Hospitality Services, LLC ("Areas THS").

Chase appears to allege that Delaware North Companies Inc.'s sale of its subsidiary to Areas USA was a breach of its rights under the Agreement. Chase further claims that Areas THS has been running the Venture for its own self-interest and has engaged in self-dealing. Specifically, Chase claims that Areas THS has used the Venture's funds for personal and improper purposes and attempted to conceal its actions to deprive Chase of profit or other benefits. Chase also avers that Areas THS has deprived it of access to the Venture's books, accounts, and financial records, which it claims it has a right to access under the Agreement. Chase also contends that Areas THS violated its fiduciary duties by conducting activities that are contrary to its duties and prejudicial to the Venture. Areas THS has now filed its motion to dismiss, claiming that Chase fails to state a legally cognizable claim, and that this Court lacks subject matter jurisdiction over Chase's books and records claims. Alternatively, Areas THS asks that this Court order Chase to provide a more definite statement of its allegations.

## LEGAL STANDARD

In deciding a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), "the district court is 'free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case.'" *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005). The party asserting jurisdiction must carry the burden of proof for a Rule 12(b)(1) motion to dismiss. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011). The standard of review for a motion to dismiss under Rule 12(b)(1) is the same as that for a motion to dismiss pursuant to Rule 12(b)(6). *United States v. City of New Orleans*, No. 02-3618, 2003 WL 22208578, at *1 (E.D. La. Sept. 19, 2003). If a court lacks subject matter jurisdiction, it should dismiss without prejudice. *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 209 (5th Cir. 2010). When "a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Id.* (internal quotation marks and citation omitted).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The factual allegations in the complaint "must be enough to raise a right to relief above the

speculative level." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955. "[D]etailed factual allegations" are not required, but the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937. The court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Beavers v. Metro. Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009) (citation omitted).

Federal Rule of Civil Procedure 12(e) permits a party to move for a more definite statement when "a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). The standard for evaluating a motion for more definite statement is whether the complaint "so excessively vague and ambiguous to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." *Phillips v. ABB Combustion Eng'g, Inc.*, No. 13-594, 2013 WL 3155224, at *2 (E.D. La. June 19, 2013) (quoting *Babcock v. Wilcox Co. v. McGriff, Seibels & Williams, Inc.*, 235 F.R.D. 632, 633 (E.D. La. 2006) (Barbier, J.)); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) (holding that a Rule 12(e) motion may be appropriate "[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice").

4

When evaluating a motion for more definite statement, the Court must assess the complaint in light of the minimal pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, which provides that a pleading which sets for a claim for relief shall contain "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8. Federal Rule of Civil Procedure 9(f), which should be read in conjunction with Rule 8, states that averments of time and place are material for the purpose of testing the sufficiency of a pleading; specific pleading of these averments, however, is not required. Fed. R. Civ. P. 9(f). As Wright and Miller explain:

> If the movant believes the opponent's pleading does not state a claim for relief, the proper course is a motion under Rule 12(b)(6) . . . rather than Rule 12(e). If the pleading is impermissibly vague, the court may act under Rule 12(b)(6) or Rule 12(e), whichever is appropriate, without regard to how the motion is denominated.

5C Wright & Miller, Fed. Prac. and Proc. § 1376 (3d ed.). As a result of the liberal pleading standard set forth in Rule 8, Rule 12(e) motions are disfavored. *See Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959).

The availability of extensive discovery is another factor in the disfavored status of the motion for more definite statement. Such a motion is inappropriate where the information sought can otherwise be obtained by discovery. *Gibson v. Deep Delta Contractors, Inc.*, No. 97–3791, 2000 WL 28174, at *6 (E.D. La. Jan. 14, 2000). When a defendant needs additional information to prepare for trial, discovery is the proper procedure instead of a 12(e) motion. *Fed. Deposit Ins. Corp. v. Fidelity and*

*Deposit Co. of Md.*, 118 F.R.D. 435, 437 (M.D. La. 1988). This motion is further disfavored when "the particular information defendant is seeking is within defendant's own knowledge, which mitigates in favor of denying the motion." *Concepcion v. Bomar Holdings, Inc.*, 1990 WL 13257, at \*2 (S.D.N.Y. 1990).

This Court "has considerable discretion in deciding whether to grant a Rule 12(e) motion." *Murungi v. Tex. Guaranteed*, 646 F.Supp.2d 804,811 (E.D. La. 2009) (citations omitted). "If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order." Fed. R. Civ. P. 12(e).

## DISCUSSION

### I.    Sale Without Consent

Areas THS argues that the Agreement does not require Chase's consent for Delaware North Companies Inc. to sell its travel and hospitality subsidiary and its interest in the Venture. Areas THS also claims that Chase fails to plead factual allegations connecting this alleged breach to damages.

Chase contends that there is a plausible reading of the Agreement that requires Chase's consent for Delaware North Companies Inc. to sell its subsidiary and its interest. Chase also argues that, though it does not allege damages in the complaint, the Complaint should be read with the Agreement to sufficiently plead damages.

As an initial matter, the Court notes that Chase's complaint is poorly written. Chase alleges in the complaint that Areas THS violated the Agreement because it "attempted" to sell its interest in the Venture without Chase's consent. (Rec. Doc. 1-1 ¶ 10). However, in the briefing of this motion, neither party contends that Areas THS has ever attempted to sell or in fact has sold its interest in the Venture. Instead, what Chase now appears to be arguing is that Delaware North Companies Inc. sold its subsidiary without Chase's consent and that this violated its rights under the Agreement.

To the extent that this is Chase's allegation, the Court finds no plausible breach-of-contract claim. Breach of the Agreement is governed by Delaware law. (Rec. Doc. 14-4, at 30). Under Delaware law, to state a claim for breach of contract a party must show (1) a contractual obligation, (2) the defendant breached that obligation, and (3) a causally related injury that warrants a remedy, such as damages or specific performance. *Garfield v. Allen*, 277 A. 3d 296, 304 (Del. Ch. 2022).

The only two members of the Venture are "Delaware North Travel Hospitality Services, Inc. ('Delaware North') . . . and Chase Catering and Concessions, LLC." (Rec. Doc. 14-4, at 2). Delaware North Companies Inc. is not a member of the Agreement. Chase relies on Section 9 of the Agreement for relief, but that Section only applies to the Venture's members. Section 9.1(a) of the Agreement provides that "[e]xcept with the approval of the Management Committee, no **Member** may Transfer all or any part of this Agreement or such Member's Interest." (Rec. Doc. 14-4, at 18) (emphasis added). Similarly, Section 9.1(c) provides that "[i]f Delaware North elects to sell its

7

interest in the Business to a third party, it will include the interest of the **other Member** in the transaction." *Id.* at 19. "Delaware North" in this Section refers to the subsidiary, Delaware North Companies Travel and Hospitality, Services, Inc., not the non-member parent company.

Because Delaware North Companies Inc. is not a Member of the Venture, it has no contractual obligations to Chase. Even if it did owe duties, the complaint contains no facts connecting this alleged breach to damages. Chase relies on the Agreement to fill those gaps, but an incorporated document cannot supply essential factual allegations that are absent from the complaint. Chase thus cannot plausibly allege a breach of contract claim for the sale of the subsidiary without its consent. Accordingly, Chase's breach-of-contract claim for failure to get its consent fails.

## II. Failure to Provide Books and Records

Areas THS next argues that this Court lacks subject matter jurisdiction over Chase's books and records claims. Areas contends that claims for books and records are within the exclusive jurisdiction of the Delaware Court of Chancery.

Chase argues that Delaware laws do not divest this Court of subject matter jurisdiction and that the parties' forum selection clause in the agreement independently establishes jurisdiction for Chase's books and records claims.

The Court agrees with Chase. The Delaware Limited Liability Act ("the Act") gives Chase the right to inspect certain business records of the Venture. Del. Code Ann. tit. 6, § 18-305(a). The Act also provides that any "action to enforce any right **arising under this section** shall be brought in the Court of Chancery." *Id.* § 18-

305(f). (emphasis added). However, Chase does not bring its books and records claims exclusively under the Act. Instead, Chase avers that it has a right to view the books and records under the Act **and** under Section 13 of the Agreement.

Section 13 gives Chase a separate right to certain financial records. *See, e.g.,* § 13.2(c) of the Agreement (giving Chase the right "to inspect and copy . . . the books and records of the Company" during ordinary business hours and upon reasonable Notice). Chase is thus seeking to enforce a separate right under the Agreement. As the Agreement provides, this Court has jurisdiction over any alleged contractual breach. *See* Section 14.14 of the Agreement (providing that [a]ll parties hereto consent to the jurisdiction of the state and federal courts located in the Parish of Orleans, State of Louisiana, and agree that such courts shall have sole and exclusive jurisdiction with respect to any disputes arising hereunder"). Accordingly, the Court finds that it has subject matter jurisdiction over Chase's books and records claim.

Areas THS next argues that Chase's books and records claims are not legally cognizable because Section 13 of the Agreement limits Chase's rights to certain books, records, and annual financial statements. Areas THS contends that the books and records that Chase seeks extend beyond the scope of the records that it is entitled to under that Section. Areas also argues that it has given Chase access to all of the documents that it is required to give under the Agreement.

Chase claims that the scope of Section 13 cannot be resolved at this stage of the litigation. Chase also contends that the text of Section 13 gives it the right to inspect these documents.

In the complaint, Chase alleges that it has requested but been denied access to:

> certain company expenses and receivables, identified accounting discrepancies, capital expenditures of approximately $3.2 million, lease liabilities of approximately $1.2 million, accrued expenses of approximately $1.3 million, the status of delays in the execution of promissory notes, updated amortization schedules, itemized backup for affiliate payables and intercompany charges, and quarterly distribution calculations/methodologies, among other matters.

(Rec. Doc. 1-1, ¶¶ 11 and 16). The Court finds that Chase is plausibly entitled to at least some of these documents. Section 13 of the Agreement requires the Venture to keep "[c]opies of any financial statements of the Company for the three (3) most recent years." § 13.2(b)(v). It also gives each member "the right during ordinary business hours and upon reasonable Notice to inspect and copy . . . the books and records of the Company required to be kept by Section 11.2(b) hereof." *Id.* § 13.2(c). Capital expenditures, liabilities, and accrued expenses are all standard components of financial statements. Further, the Court notes that Section 11.2(b) is missing from the Agreement. The Court finds that this internal inconsistency in the Agreement creates an ambiguity as to Section 13's scope that cannot be resolved at this stage of the litigation. Similarly, Areas THS's contention that it has provided all of the requested documents to Chase cannot be resolved at this time. Taking Chase's well-pled factual allegations as true, the Court will not dismiss Chase's books and records claims.

### III.    Breach of Fiduciary Duties

Areas THS next contends that Chase fails to state a claim for breach of fiduciary duties. Areas THS claims that Section 8.6 of the Agreement expressly waives any fiduciary duties. Chase contends that Section 8.6 imposes certain duties, and, to the extent that these duties are not fiduciary duties, it asks this Court for leave to amend.

The Court finds that Chase plausibly alleges a breach of the duties owed under the Agreement. Section 8.6(c) of the Agreement discusses the duty of members, and it provides that:

> No member has any duty to the Company or any member solely by reason of acting in its capacity as a Member, **except** to refrain from (i) any act or omission that constitutes a knowing violation of applicable law or a bad faith violation of the implied contractual covenant of good faith and fair dealing, and (ii) any transaction in which the Member receives a personal benefit in violation or breach of any provision of this Agreement.

In the Complaint, Chase alleges that Areas THS "has been running Chase North, LLC for its own self-interest and/or engaging in actions of self-dealing" and has used "the entity's funds for personal and/or other improper purposes and has attempted to conceal its actions to deprive [Chase] of any distributions, allocations, profits, payments, and/or other benefits to which it is entitled." (Rec. Doc. 1-1, ¶¶ 9, 14). If Areas THS engaged in self-dealing and used the entities' funds improperly, then it likely violated the implied contractual covenant of good faith and fair dealing. Taking this allegation as true, the Court finds that Chase has plausibly alleged that Areas THS breached its duties under the Agreement.

Still, Chase also alleges in the complaint that the Agreement imposes the "fiduciary duties of loyalty, care, good faith, and fair dealing." (Rec. Doc. 1-1 ¶ 13). That statement is incorrect because the Agreement expressly waives all duties of members except for those discussed above, which are not fiduciary duties. *See Wood v. Baum*, 953 A.2d 136, 143 (Del. 2008) ("The implied covenant of good faith and fair dealing is a creature of contract, distinct from the fiduciary duties that the plaintiff asserts here."). So, to the extent that Chase alleges that Areas violated those fiduciary duties, the Court will dismiss those claims. The Court will grant Chase leave to amend its complaint and clarify its breach-of-contract claims.

## IV. Request for an Accounting

Areas next argues that Chase fails to state a claim for formal accounting because (1) Chase incorrectly pleads accounting as a standalone cause of action, but it is an equitable remedy and (2) a claim for formal accounting requires fiduciary duties between the parties, which have been waived.

Chase contends that a claim for formal accounting is not tied to fiduciary duties but rather the existence of a "fiduciary relationship, or circumstances of complexity between mutual accounts." (Rec. Doc. 16, at 13).

The Court agrees with Areas THS. A claim for formal accounting under current Delaware law requires a fiduciary relationship between the parties. *Roth v. Sotera Health Co.*, 2024 WL 4260649, *13 (Del. Ch. Sept. 23, 2024) ("Today, absent a fiduciary relationship, this court views such accountings to be a needless relic of the past given the breadth of modern discovery rules.") As the Court explained, the

12

parties waived any fiduciary duties in the Agreement, so there is no fiduciary relationship. The Court must therefore deny Chase's claim for formal accounting.

## V. More Definite Statement

Areas THS argues that Chase's complaint does not allow it to identify the claims asserted against it. Areas THS further contends that the complaint contains insufficient facts and circumstances to support each claim.

Chase argues that Areas THS' detailed twenty-page opposition belies any contention that it cannot identify the claims asserted against it. Chase submits that any deficiency of its complaint is more appropriately addressed through leave to amend.

Chase's only remaining claims are its books and records claims and its claim that Areas THS engaged in self-dealing. Regarding the books and records claims, the Court finds that Chase's Complaint is not so vague or ambiguous that Areas THS cannot reasonably be expected to provide a response. The Complaint provides the documents that Chase is seeking, and the Agreement outlines the documents to which Chase is entitled. Areas THC's own argument that it has provided Chase the required documents under the Agreement belies any contention that Chase's requests are impermissibly vague. The Court will thus deny the motion as to those claims.

However, regarding claims of self-dealing, Areas THS's arguments as to vagueness are well taken. Chase avers that Areas THS engaged in self-dealing, but it does not identify any alleged transactions or how this occurred. Chase must amend its complaint within 21 days to allege with sufficient specificity the self-dealing

13

transactions that Areas THS engaged in and how it misused company funds. To that extent, Areas THS' motion for a more definite statement is granted.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Areas THS' *Motion to Dismiss or, Alternatively, Motion for More Definite Statement* **(Rec. Doc. 15)** is **GRANTED in part** and **DENIED in part** as follows**.** The Court will **dismiss with prejudice** Chase's claims of breach of contract for selling or attempting to sell without its consent and any claims for breach of fiduciary duties. The Court will **GRANT in part** Areas THS' motion to require Chase to file a more definite statement as to its claims of self-dealing. Chase shall amend its complaint within 21 days to allege with sufficient specificity the self-dealing transactions that Areas THS engaged in and how it misused company funds. The remainder of the motion is **DENIED**.

New Orleans, Louisiana, this 5th day of August, 2026.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE